UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARK JOHNSON,<br><br>                Petitioner,<br><br>v.<br><br>S. PEERY, Warden,<br><br>                Respondent. | Case No.:  15cv2192 BEN (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|---|---|

    Petitioner Mark Johnson ("Petitioner" or "Johnson") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the denial of resentencing pursuant to California's Three Strikes Reform Act of 2012 ("the Act"). [ECF No. 1.]  Respondent filed an Answer and Petitioner filed a Traverse. [ECF Nos. 5, 14.]

    The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.  After consideration of the Petition, Respondent's Answer, Petitioner's Traverse, as well as Lodgments and Exhibits submitted by the parties, the Court recommends the Johnson's Petition be **DENIED**.

## I. BACKGROUND

In 1997, Petitioner was convicted of the unlawful driving or taking of a vehicle (Cal. Veh. Code § 10851(a)).  Because Petitioner had two prior strike convictions for robbery (Cal. Penal Code § 211)[1] and the 1997 conviction constituted a third strike, he was sentenced to an indeterminate term of 25 years to life in prison under California's Three Strikes law.  Petitioner sought resentencing in 2013 following passage of the Act.

### A. California's Three Strikes Reform Act of 2012

The Act changed California's Three Strikes law.[2] "Before the Act's passage, the Three Strikes law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted of any new felony." *Teal v. Sup. Crt.*, 60 Cal. 4th 595, 596 (2014) (citing *People v. Yearwood*, 213 Cal. App. 4th 161, 167-68 (2013)).  Prospectively, "[t]he Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors." *Id.* at 597 (citing Cal. Penal Code §§ 667(e)(2(C), 1170.12(c)(2)(C)).

The Act also "establish[ed] a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence." *Id.* (citing Cal. Penal Code § 1170.126(b)).[3]  Section 1170.126(e) identifies the requirements for *eligibility* for

---

[1] Although there is no dispute as to Petitioner having two prior strike offenses as a result of a 1991 crime spree, the Court notes that Petitioner's opening brief filed with the Court of Appeal indicated he pled guilty to one count of first degree burglary, one count of robbery, and admitted he was armed with a firearm. (Lodgment No. 3 at 7-8.) However, the Petition, the Traverse, and all other briefing indicates his prior strikes were for two counts of robbery.

[2] The law was passed by electorate approval of Proposition 36 on November 6, 2012.

[3] The relevant provision of § 1170.126(b) provides:
    Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or

2

15cv2192 BEN (BGS)

resentencing.[4]  However, being eligible for resentencing is only the first step.  Section 1170.126(f) specifically provides that "[i]f the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced . . . *unless* the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  Section 1170.126(g) then provides factors the court may consider in determining whether resentencing would pose an unreasonable risk of danger to public safety.  It identifies: (1) consideration of a "petitioners criminal conviction history, including the types of crimes committed, the extent of injury to victims, the length of

---

> paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

[4] Section 1170.126(e) provides:
> An inmate is eligible for resentencing if:
> (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
> (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
> (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

prior prison commitments, and the remoteness of the crimes;" (2) the petitioner's disciplinary and rehabilitation records while in custody; and (3) any other evidence relevant to determining "whether a new sentence would result in an unreasonable risk of danger to public safety."  § 1170.126(g)(1)-(3).

### B. Trial Court Proceedings

On November 22, 2012, Petitioner filed a pro se request for resentencing pursuant to the Act. (Lodgment No. 1 at 21-42.) He acknowledged "get[ting] into trouble" when he first entered prison, but emphasized his more recent rehabilitation efforts. (*Id.* at 21-22.) The court found him eligible for a hearing and appointed counsel. (*Id.* at 43-44.)

Petitioner's brief in support of resentencing acknowledged his adult criminal history, including the 1991 crime spree that resulted in his first two strikes for robbery, as well as convictions while in custody for having a marijuana cigarette and battery. (*Id.* at 55-56.) Petitioner also acknowledged his numerous rules violations during his first two years in custody, ranging from failure to report to class or assignment to possessing an inmate manufactured weapon, as well as a more recent violation for possession of a weapon. (*Id.* at 56-57.) Primarily, Petitioner emphasized that most of his rules violations occurred in his first two years in custody and focused on his rehabilitation efforts since, including involvement in Narcotic and Alcoholic Anonymous, self-help programs, completion of his GED, and being validated as a dropout of the Nazi Low Rider prison gang in 2009. (*Id.* at 56-57.)

The People acknowledged his was eligible for resentencing under § 1170.126(e), and submitted to the court's discretion the determination of whether Petitioner posed an unreasonable risk of danger to public safety. (*Id.* at 103.) The People outlined his 13 criminal convictions since age eleven and included more detailed information about the crime spree spanning August 7, 1991-August 29, 1991 that included burglaries, auto thefts, armed robbery and shooting a stolen .380 handgun twice — once as his friend scuffled with a security guard following a theft from a store and a second time at different location on the same day following another fight. (*Id.* at 104, 108-09.) The record

reflects someone was injured as a result of the second shooting. (*Id.* at 105, 120.) The People also emphasized Petitioner's many serious rules violations while in custody, including most recently, possession of a deadly weapon in 2010 and possession of inmate manufactured alcohol in 2008. (*Id.* at 106, 110). The People also summarizes his 12 older violations, that included battery on an inmate causing serious injury during a race riot in 2000 and possession of dangerous contraband in 1999. (*Id.* at 106-07, 109-110.)

At a hearing on October 16, 2013, the court indicated Petitioner was eligible for resentencing and the issue before the court was whether Petitioner would pose an unreasonable risk of danger to public safety. (Lodgment No. 2 at 1.) The court acknowledged reviewing the briefing and documentation submitted, including records of Petitioner's criminal history, prison record, the age of his prison record, and evidence of rehabilitation. (*Id.* at 2.) The court noted his criminal history, particularly the 1991 crime spree, characterizing it as "impressive for its dangerousness." (*Id.* at 3.) The court then went on to give him credit for his documented efforts to end his gang association, but also noted "his record in prison [was] full of violence and weapons, accompanied by other, less troubling, but still, in the presence of weapons and violence, troubling activity relating to substances that are banned in prison." (*Id.* at 4.) He specifically noted Petitioner's involvement in a riot in which someone was hurt and that as late as 2010, he had been disciplined for weapons. (*Id.*) Following argument from counsel, the court determined, in its discretion, that resentencing Petitioner would pose an unreasonable risk of danger to public safety. (*Id.* at 7.)

On October 23, 2016, Petitioner filed a Motion for Reconsideration. (Lodgment No. 1 at 181-89.) The Motion emphasized that Petitioner's criminal convictions were many years ago, that most of his serious rules violations occurred early in his incarceration, and that he should be given credit for his rehabilitation efforts, particularly dropping out of a prison gang given the risk that posed to him. (*Id.*) Prior to the hearing on the Motion, Petitioner also submitted an October 29, 2013 psychological evaluation finding he posed a low risk of committing a future violent offense. (*Id.* at 191-203.) The

court held another hearing, heard argument from counsel, observed some concerns about the psychological reports's conclusions, and again denied resentencing. (Lodgment No. 2 at 8-12.)

### C. Appellate Court Proceedings

Petitioner filed an appeal of the initial denial and the Motion for Reconsideration. (Lodgment No. 1 at 205.) The Court of Appeal issued a decision finding the trial court did not abuse its discretion in denying Petitioner resentencing and affirmed the October 16, 2013 and November 25, 2013 decisions. (Lodgment No. 6.) The Court of Appeal reviewed the record before the trial court, including the arguments of Petitioner and the People discussed above, and found "the trial court expressly considered the statutory factors" provided in § 1170.126(g). The Court of Appeal summarized the record as follows:

> As the trial court acknowledged, Johnson has made significant rehabilitative efforts while in prison. He has disassociated from a prison gang, achieved considerable educational success, and completed numerous self-help programs. However, as the trial court also observed, Johnson has both a lengthy criminal record and an extensive prison disciplinary record. Moreover, Johnson's criminal history and prison disciplinary record demonstrate that he has engaged in numerous acts of violence, and that he has a significant substance abuse problem. Further, while Johnson's prison disciplinary record has significantly improved over the course of his incarceration, he committed violations as recently as 2009 for possessing alcohol and in 2010 for possessing a weapon. In addition, a recent psychological evaluation performed by an expert for the defense diagnosed Johnson as having an antisocial personality disorder.
> (*Id.* at 11.)[5]

---

[5] This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness).

Petitioner submitted a petition for review to the California Supreme Court in which he argued the denial of resentencing violated due process and equal protection. (Lodgment No. 7.) The California Supreme Court summarily denied review. (Lodgment No. 8.)

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition will not be granted unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

A federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

1 correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to grant relief under § 2254(d)(2), a federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell*, 535 U.S. at 694. However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72. Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991).

**B.     Analysis**

Petitioner challenges the court's determination that he posed an unreasonable risk to public safety and the resulting denial of resentencing. In his petition for review filed with the California Supreme Court, he asserted for the first time claims for violation of equal protection and due process. He asserts those same claims in his federal Petition. Petitioner argues he was denied due process because he was denied resentencing despite the People not opposing resentencing and his psychological evaluation indicating he posed a low risk for future violence. It appears Petitioner is arguing that he has been denied equal protection because, if he committed the offense that constituted his third

strike today, he could not be sentenced as a third strike offender regardless of his dangerousness to the public. Respondent argues that the Petition presents a state sentencing issue not cognizable in federal habeas proceedings. Additionally, as to the equal protection claim, Respondent argues Petitioner cannot establish he is similarly situated to those with criminal histories appropriate for a sentence reduction.

### 1. Petition Raises a State Sentencing Issue Not Cognizable on Federal Habeas Review

The Petition presents only a state sentencing issue not cognizable on federal habeas review. Federal habeas writs may not issue on the basis of a perceived error of a state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") And, a petitioner cannot transform a state law issue into a federal one by labeling it a due process or equal protection violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1996) (Petitioner "may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.").

Sentencing error claims generally do not raise a federal constitutional question and are not cognizable on federal habeas review.[6] *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir.1989) (refusing to consider the merits of whether particular prior conviction qualifies for sentence enhancement under California law because it is not cognizable on federal habeas corpus review); *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own

---

[6] Numerous district courts in this circuit have reached the same conclusion. *Tuggle v. Perez*, 2016 WL 1377790, at *6 (E.D. Cal. April 7, 2016) (collecting cases and noting no federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas); *Cooper v. Sup. Crt. of Cal.*, 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (rejecting as noncognizable petitioner's federal due process challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); *Hill v. Warden*, 2014 WL 1093041, *1-2 (C.D. Cal. March 18, 2014) (same); *Green v. Hill*, 2014 WL 6810682, *8 (S.D. Cal. Dec 1, 2014) (same); *Johnson v. Spearman*, 2013 WL 3053043, at *2 (C.D. Cal. June 10, 2013) (same).

sentencing law does not justify federal habeas relief"); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and it not within the purview of federal habeas corpus"); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting claim of due process violation based on denial of merger of convictions for purposes of sentencing because there is no federal right to merger of convictions).

Although Petitioner labels his claims as due process and equal protection violations, he is simply asserting that the court erred in its finding that resentencing Petitioner would pose an unreasonable risk of danger to the public. Despite the court's consideration of the factors specifically articulated in § 1170.126(g), he argues his record of rehabilitation, declining rules violations in recent years, and favorable psychological evaluation demonstrate he is reformed and does not currently pose an unreasonable risk of danger to the public. He is essentially arguing the state courts erred in giving too much weight to his early bad conduct, including his extensive criminal record and many rules violations, and too little weight to his more recent efforts to reform. But, the court "cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449 F.3d 1075, 1083 n. 6 (9th Cir.2006)

A state court, applying a state sentencing law, considered the factors outlined in state law, § 1170.126(g), to conclude Petitioner would pose an unreasonable risk of danger to public safety and denied him resentencing on that basis. The Petitioner presents no more than a perceived error of state law not cognizable on federal habeas review. However, as discussed below, even considered on the merits, Petitioner's due process and equal protection claims fail.

## 2. Due Process

Petitioner argues he was denied due process because he was found to pose an unreasonable risk to public safety despite the People not opposing resentencing[7] and his psychological evaluation indicating he posed a low risk for future violence..

Under narrow circumstances, not presented here, the misapplication of state sentencing law may rise to the level of a due process violation. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (federal constitutional question is whether the sentencing error was so arbitrary or capricious as to constitute an independent due process violation); *see also Christian*, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Assuming there was any error in the court's denial of resentencing, the error was certainly not so arbitrary or capricious as to constitute a due process violation nor does the record reflect fundamental unfairness. As noted above, Petitioner was represented by counsel, the court received full briefing on the petition for resentencing that outlined in detail Petitioner's criminal history, discipline record, and his record of rehabilitation. The court noted as much during the first hearing and specifically addressed the psychological evaluation at the hearing on the Motion for Reconsideration. The record reflects that the court considered not only his criminal and disciplinary records, including the age of them, but also his record of rehabilitation and his psychological evaluation. These were the factors specifically identified in the statute to guide the court's determination of risk of danger to public safety and the court relied on them. The court's decision was not arbitrary, capricious, or fundamentally unfair. It is not "objectively unreasonable" to conclude that the review Petitioner received and the resulting denial of

---

[7] The Court of Appeal explained that "[t]he People filed a response to the petition in which they 'submitted to the Court's discretion' on the question whether the court should resentence Johnson, but also explains that "the People outlined Johnson's extensive criminal history, which the People argued, 'indicates that Johnson is capable of committing serious violence.'" (Lodgment No. 6 at 4.)

1 resentencing did not violate due process. *Andrade*, 538 U.S. at 75. Nor is the reasoning
2 or result contrary to Supreme Court precedents. *See Early*, 537 U.S. at 8.

### 3. Equal Protection

It appears Petitioner is arguing that he has been denied equal protection because he is being treated differently in sentencing as a convicted third strike offender seeking resentencing than if he were convicted today of the same offense. In essence, he seems to be arguing that he should not be subject to the public safety exception in § 1170.126(f) because new offenders are not be subject to this same public safety review. Assuming new offenders and convicted offenders already serving a sentence pursuant to a third strike are similarly situated and that they are being treated differently, "a mere demonstration of inequality is not enough; the Constitution does not require *identical* treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises." *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991). That is not the case here. Additionally, because Petitioner is not a member of a suspect class, the statute need only bear a rational relation to a legitimate governmental interest. *See Romer v. Evans*, 517 U.S. 620, 631, (1996). "The discretionary public safety exception to second strike sentencing that is present in § 1170.126 . . . is rationally related to a legitimate state interest. It increases the likelihood that prisoners whose sentences are reduced or who are released due to the Act will not pose an unreasonable risk of danger to the public. Thus, the distinction drawn between felony offenders sentenced before, and those offenders who are sentenced after the Act's effective date, does not violate . . . state or federal equal protection rights." *Yearwood*, 213 Cal. App. 4th at 179. Finding there is no equal protection violation in denying a sentence reduction based on risk of danger to the public is not objectively unreasonable or contrary to "the governing . . . principles set forth by the Supreme Court." *Andrade*, 538 U.S. at 72.

### C. Evidentiary Hearing

Although Petitioner requests an evidentiary hearing in his Traverse, he does not identify any reason that would justify an evidentiary hearing. 28 U.S.C. § 2254(e)(2)

(identifying limited exceptions when an evidentiary hearing is warranted). Because the Petition can be resolved on the record before the Court, the Court finds an evidentiary hearing is unnecessary.

## V. CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying the Petition.

**IT IS ORDERED** that no later than **December 23, 2016,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 6, 2017.**

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: November 29, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge