# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON,<br><br>                    Petitioner,<br><br>   v.<br><br>S. PEERY, Warden,<br><br>                    Respondent. | Case No. 15-cv-2192-BAS-BGS<br><br>**ORDER:**<br><br>**(1) OVERRULING PETITIONER'S OBJECTION [ECF No. 16];**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 15];**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]; AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

      Petitioner Mark Johnson filed a Petition for a Writ of Habeas Corpus (the "Petition") seeking relief from a California state court's denials of his requests for resentencing under California's Three Strikes Reform Act of 2012 (the "Reform Act"). (ECF No. 1.) Presently before the Court is a Report and Recommendation (R&R) from Magistrate Judge Bernard G. Skomal recommending denial of the

Petition. (ECF No. 15.) Petitioner filed an objection ("Objection") to the R&R. (ECF No. 16.) For the reasons stated herein, the Court overrules the Objection, approves and adopts the R&R in its entirety, denies the Petition, and denies the Petitioner a certificate of appealability.

## I. BACKGROUND

### A. Factual Background

In 1997, Petitioner was convicted of unlawful driving or taking of a vehicle pursuant to California Vehicle Code Section 10851(a). (ECF No. 13 at 2.) Because the Petitioner had two prior strikes for robbery, the 1997 conviction constituted a "third strike" and he was sentenced to an indeterminate term of 25 years to life in prison under California's Three Strikes law. (*Id*.)

On November 6, 2012, the California electorate approved the Reform Act, which "establish[ed] a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for a recall of sentence." *Teal v. Superior Court*, 60 Cal. 4th 595, 597 (Cal. Ct. App. 2014) (citing Cal. Penal Code §1170.126(b)). The Reform Act, *inter alia*, established eligibility requirements for seeking resentencing for individuals sentenced prior to its passage. *See* Cal. Penal Code §1170.126(e). The Reform Act mandates that an eligible petitioner "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Cal. Penal Code §1170.126(f). The Reform Act requires a court to exercise such discretion according to certain specified factors, including a petitioner's criminal conviction history, disciplinary and rehabilitation records while in custody, and any other evidence relevant to whether a new sentence would result in an unreasonable risk of harm to public safety. Cal. Penal Code §1170.126(g).

On November 22, 2012, Petitioner sought resentencing by the sentencing court pursuant to the Reform Act. (ECF No. 6-1 at 21–42.) The People acknowledged that

Petitioner was eligible for resentencing under the Reform Act and submitted to the court's discretion the determination of whether the Petitioner posed an unreasonable risk of danger to public safety. (ECF No. 6-2 at 103.) On October 16, 2013, the court determined that Petitioner was eligible for resentencing and found, in its discretion, that resentencing Petitioner would pose an unreasonable risk of danger to public safety. (ECF No. 6-3 at 7.) Petitioner filed a motion for reconsideration of the decision on October 23, 2016.[1] (ECF No. 6-2 at 181–89.) Prior to the hearing on that motion, Petitioner submitted a psychological evaluation finding that he posed a low risk of committing a future violent offense. (*Id*. at 191–203.) The court denied resentencing a second time. (ECF No. 6-4.)

Petitioner appealed the initial denial and the denial of the motion for reconsideration to the California Court of Appeal. (ECF No. 6-2 at 205.) Upon a review of the record before the trial court, the Court of Appeal determined that the trial court had not abused its discretion and affirmed both decisions denying resentencing under the Reform Act. (ECF No. 6-8.) The California Supreme Court summarily denied Petitioner's subsequent petition for review in that court, which asserted that the denial of resentencing violated due process and equal protection. (ECF Nos. 6-9 (petition for review); 6-10 (denial of review).)

B.  **Procedural Background**

On September 30, 2015, Petitioner filed his Petition in the Southern District of California. (ECF No. 1.) The Petition asserts two grounds in support of Petitioner's claim for federal habeas relief. First, Petitioner claims that the trial court's determination that Petitioner posed an unreasonable risk of danger to public safety if resentenced violated the Petitioner's rights to due process under the U.S. Constitution. (*Id.* at 6.) Second, Petitioner claims that the trial court's failure to

---

[1] The Court hereby modifies the R&R's initial reference to the date of Petitioner's motion for reconsideration before the California trial court. (ECF No. 15 at 5.)

resentence him as a second strike offender for an offense that does not now qualify as a third strike offense violated Petitioner's right to equal protection under the U.S. Constitution. (*Id*. at 7.) Respondent filed an Answer (ECF No. 5) and Petitioner filed a Traverse (ECF No. 14).

On November 29, 2016, the Magistrate Judge issued the R&R, recommending that then presiding Judge Roger Benitez deny the Petition on all grounds. (ECF No. 15.) Objections to the R&R were due by December 23, 2016. (*Id.* at 13.) Petitioner mailed an Objection on December 22, 2016, which was filed on December 30, 2016 on the docket. (ECF No. 16.) On December 12, 2017, nearly a year after submitting his Objection, Petitioner filed a notice of a request for a ruling on the pending R&R and Petition. (ECF No. 18.) Judge Benitez subsequently recused himself from the case on January 9, 2018, and the case was reassigned to this Court. (ECF No. 19.) This Court now turns to the R&R and Petitioner's Objection.

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R.");

*Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

**III. DISCUSSION**

**A. The Objection is Overruled and the Court Adopts the R&R**

Petitioner's Objection asserts that the Magistrate Judge[2]: (1) based the R&R on "errant records" and failed to thoroughly consider the record, (2) applied the wrong standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA") for the issuance of habeas relief, and (3) erred in his analysis and disposition of Petitioner's due process and equal protection claims. (ECF No. 16 at 1.) Further, the Objection takes issue with the recommended denial of Petitioner's request for an evidentiary hearing. (*Id*. at 1, 6.) The Court overrules the Objection in its entirety.

**1. The R&R's Findings and Consideration of the Record**

First, the Court turns to Petitioner's Objection to the R&R as based on "errant records" and a failure to thoroughly consider the record. (ECF No. 16 at 1.) In discussing the proceedings concerning Petitioner's first request for resentencing on the basis of the Reform Act, the R&R discussed certain information the People outlined to the trial court as bearing upon its discretionary decision to resentence the Petitioner pursuant to Section 1170.126(g). (ECF No. 15 at 4.) The information the People discussed included that: the Petitioner shot someone during a crime spree spanning August 7, 1991 through August 29, 1991; that burglaries were a part of that spree; and the Petitioner received rules violations reports while in custody, including

---

[2]Although Petitioner's Objection refers to "Respondent's Recommendation," (ECF No. 16), it is clear that Petitioner is referring to the Magistrate Judge and not Respondent Peery.

for possession of a deadly weapon in 2010. (*Id.* at 4–5.) In his Objection, Petitioner disputes the accuracy of the facts which the People submitted. *Id.* at 2.) Petitioner claims that if the Magistrate Judge had reviewed the record on which he relied to make the R&R, he would have noted the "discrepancies" and "errors" Petitioner identifies in his Objection. (*Id.* at 3.) The Court overrules Petitioner's Objection. The specific factual information on which the R&R relied here is corroborated by the California Court of Appeal's opinion, which directly quoted from the trial court. (ECF No. 6-8 at 5.) A habeas court must give deference to state court findings and presumes them to be correct. *See* 28 U.S.C. §2254(e)(1). This presumption of correctness can only be rebutted through clear and convincing evidence. *Id.*; *Parke v. Raley*, 506 U.S. 20, 35–36 (1992). Petitioner has failed to meet this evidentiary burden. Accordingly, the Court adopts the R&R's factual findings in their entirety.

## 2. The R&R's Standard of Review

Petitioner objects that the Magistrate Judge "applied the wrong standard of review under AEDPA" in the R&R. (ECF No. 16 at 3.) Petitioner's Objection appears to take issue with the R&R's reference to a particular standard of review and subsequent determination that the Petition raises a state sentencing issue not cognizable in federal habeas proceedings. (ECF No. 16 at 3.) The Court overrules Petitioner's Objection as to this issue.

The R&R referred to the standard of review applicable under AEDPA for the issuance of federal habeas relief. (ECF No. 15 at 7–8.) Specifically, the R&R observes that a petition will not be granted unless a state proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a disposition that was based on an unreasonable determination of the facts in light of the evidence presented at that state court proceeding. (*Id.* at 7 (citing 28 U.S.C. §2254(d).) After citing this standard of review, the Magistrate Judge determined that "[s]entencing error claims generally do not raise a federal constitutional question and are not cognizable on federal habeas

review." (*Id.* at 9.)

The Court finds that Petitioner's Objection regarding the applicable standard is not without merit, but he fares no better under the directly applicable standard. Section 2254(a) limits a district court's review of a petition for a writ of habeas corpus to a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of *the Constitution or laws or treaties of the United States*." 28 U.S.C. §2254(a) (emphasis added). The Magistrate Judge's conclusion that the Petition raises an issue of state sentencing law is appropriately addressed under this provision. Numerous authorities, including the United States Supreme Court, have concluded that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). The R&R concluded that "[a]though Petitioner labels his claims as due process and equal protection violations, he is simply asserting that the court erred in its finding that resentencing Petitioner would pose an unreasonable risk of danger to the public." (ECF No. 15 at 10.) As the Magistrate Judge observed, Petitioner's true issue is with the weight the trial court afforded to Petitioner's earlier conduct in its application of Section 1170.126(g) to the facts before it. (*Id.*) Indeed, even in his Objection, Petitioner continues to assert that the trial court's decision not to resentence was in error because he has had a "180 degree behavioral transformation." (ECF No. 16 at 6.) He continues to cite the same factual bases that were before the trial court, which the trial court weighed along with all other facts before it. A federal court "cannot treat a mere error of state law, if one occurred, as a denial of due process, otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006). The Petition asks this Court to do exactly this, and the Court declines to do so. Moreover, as to the application of state law, the state court twice denied Petitioner's requests for resentencing under applicable state law. The state

court's interpretation and application of state law binds a federal habeas court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, the Court overrules Petitioner's Objection on this issue and approves the R&R on this ground.

### 3. The R&R's Disposition of Petitioner's Claims

Petitioner's principal objection to the R&R is the Magistrate Judge's analysis and disposition of his due process and equal protection claims. (ECF No. 16 at 3–6.) Although the Magistrate Judge concluded that the Petition presents an issue of state law not cognizable in a federal habeas petition, he also considered the merits of Petitioner's due process and equal protection claims. (ECF No. 15 at 11–12.) The Court reviews the Magistrate Judge's determinations on each claim, Petitioner's Objection, and overrules Petitioner's Objection.

#### a. Due Process

Petitioner claims a denial of due process because the trial court found he posed an unreasonable risk to public safety despite the People not opposing resentencing and his psychological evaluation indicating he posed a low risk of violence. (*Id.* at 11.) In his Objection to the R&R, Petitioner asserts that proceedings guided by Section 1170.126(g)'s factors do not guarantee due process and do not protect against arbitrariness, capriciousness, or fundamental unfairness where there are abuses of discretionary power. (ECF No. 16. at 4.)

Under narrow circumstances, the misapplication of state sentencing law may rise to the level of a due process violation. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (federal constitutional question is whether the sentencing error was so arbitrary or capricious as to constitute an independent due process violation); *see also Christian*, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Although Petitioner makes a blanket assertion that resentencing proceedings pursuant to Section 1170.126(g) fail to guarantee due process, the Petitioner offers no basis in support of this general assertion, nor can he show that

his proceedings in particular were deficient in this manner. Consistent with the record, the Magistrate Judge determined that Petitioner was represented by counsel, the trial court received full briefing on the petition and expressly noted as much, the trial court considered the psychological evaluation Petitioner submitted in his second resentencing request, and the trial court expressly considered all factors identified in Section 1170.126(g). (ECF No. 15 at 11.) The Magistrate Judge correctly concluded that the Petitioner failed to establish a violation of due process because any error by the trial court was not so arbitrary or capricious to constitute such a violation and the record fails to show fundamental unfairness. (*Id*.) Accordingly, this Court approves the R&R's recommended denial of this claim.

### b. Equal Protection

Petitioner claims a denial of equal protection on the ground that he is being treated differently in sentencing as a convicted third strike offender seeking resentencing than if he were convicted today of the same offense. (ECF No. 15 at 12.) In his Objection to the Magistrate Judge's recommended denial of the equal protection claim, Petitioner asserts that proceedings guided by Section 1170.126(g)'s factors do not guarantee equal protection for two reasons. (ECF No. 16. at 4.) First, he claims that because he meets every requirement for reduction of his sentence under the public safety exception, the trial court necessarily disregarded such evidence by denying him resentencing in violation of his right to equal protection. Second, Petitioner takes issue with Section 1170.126(g)'s requirements for the exercise of discretion to resentence, including its mandate that a trial court consider prior criminal history and prison disciplinary history. The Court is not persuaded by either.

Petitioner's first objection misconstrues the statutory scheme at issue. Although Petitioner is admittedly eligible for resentencing under the Reform Act (ECF No. 15 at 5), the Reform Act does not equate eligibility for resentencing with the right to ultimately receive a resentencing. Rather, the Reform Act expressly leaves the decision whether to resentence within the discretion of the trial court

pursuant to Section 1170.126(g) and its enumerated factors. *Contrast* Cal. Penal Code §1170.126(e) *with* Cal. Penal Code §1170.126(g). Petitioner's assertion that the trial court disregarded evidence in support of a sentence reduction is belied by the record. On review of his appeal from the denials of his requests for resentencing, the California Court of Appeal found that the trial court had expressly considered the evidence in support of a sentence reduction. (ECF No. 15 at 6 (citing ECF No. 6-8 at 11 (California Court of Appeal Opinion.)) As discussed earlier, a federal habeas court must give deference to state court findings and presumes them to be correct unless the petitioner can show otherwise through clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1). In view of the California Court of Appeal's express reliance on the trial court record, which has been submitted to this Court (ECF Nos. 6-1, 6-2), Petitioner simply cannot meet this evidentiary burden. The Court thus finds this objection unavailing.

As to Petitioner's second objection, neither the public safety exception in Section 1170.126(g), nor the specific factors it requires a court to consider in evaluating whether to resentence turns on a suspect class. The Magistrate Judge correctly concluded that the statute need only bear a rational relation to a legitimate governmental interest. (ECF No. 15 at 12.) The Magistrate Judge found it satisfied this requirement, and relied on a California authority which determined that "[t]he discretionary public safety exception to second strike sentencing that is present in §1170.126 . . . is rationally related to a legitimate state interest." *People v. Yearwood*, 213 Cal. App. 4th 161, 167–68 (Cal. Ct. App. 2013). Although Petitioner may disagree with the relevance of certain enumerated factors in the statute, his disagreement does not transform the statute and its application to him into a violation of equal protection. Accordingly, the Court overrules Petitioner's Objection on this ground and approves the R&R's recommended denial of this claim.

### 4. **Request for an Evidentiary Hearing**

The Magistrate Judge recommended a denial of Petitioner's request for an

evidentiary hearing on the ground that he failed to identify any reason warranting an evidentiary hearing. (ECF No. 15 at 12 (citing 28 U.S.C. §2254(e)(2).) The Magistrate Judge determined that the Petition could be resolved on the record. (*Id.* at 13.) In his Objection, Petitioner asserts that an evidentiary hearing is necessary to objectively ascertain the facts before a "fair and unbiased" court. (ECF No. 16.) Section 2254(e)(2) establishes a general rule that a "court shall not hold an evidentiary hearing on" a claim concerning state court proceedings. 28 U.S.C. §2254(e)(2). The exception to this rule requires the Petitioner to satisfy two requirements. In relevant part, Petitioner is required to show that "the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2)(A)(i)-(ii). Petitioner cannot satisfy this requirement because this case neither involves a new rule of constitutional law, nor does it involve a factual predicate that could not have been previously discovered. Rather, the facts underlying the Petition are the same facts relied upon by the trial court which denied Petitioner's request for resentencing on two occasions, as well as those before the California Court of Appeal. Accordingly, the Court overrules Petitioner's objection to the recommended denial of an evidentiary hearing and denies the request.

### B. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. §2254, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A habeas petitioner may not appeal the denial of a habeas petition concerning detention arising from state court proceedings unless he obtains a certificate of appealability from a district or circuit court judge. 28 U.S.C. §2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269−70 (9th Cir. 1997). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). The Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right. Although the Petition raises due process and equal protection claims, the Petition's substance concerns a state sentencing issue. Even assuming that the Petition implicates the constitutional guarantees of due process and equal protection, this Court concludes that the Petition fails to raise a substantial showing of the denial of a constitutional right, particularly in view of the multiple federal court decisions denying similar claims by prisoners seeking resentencing under the Reform Act. *See, e.g., Tuggle v. Perez*, No. 2:14-cv-1680 KJM CKD P, 2016 WL 1377790, at *6 (E.D. Cal. April 7, 2016) (collecting cases and noting no federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas); *Hill v. Warden*, No. CV 14–0662–CJC (RNB), 2014 WL 1093041, *1–2 (C.D. Cal. March 18, 2014); *Green v. Hill*, No. 13–cv–01436–BAS–DHB, 2014 WL 6810682, *8 (S.D. Cal. Dec 1, 2014); *Johnson v. Spearman*, No. CV 13–3021 JVS (AJW), 2013 WL 3053043, at *2 (C.D. Cal. June 10, 2013).

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The Court **OVERRULES** Petitioner's Objection (ECF No. 16);
2. The Court **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 15);
3. The Court **DENIES** Petitioner's request for an evidentiary hearing (ECF Nos. 1, 16);
4. The Court **DENIES** the Petition for a Writ of Habeas Corpus (ECF No. 1.); and

5. The Court **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: January 11, 2018

Hon. Cynthia Bashant
United States District Judge